UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWAYNE ANDERSON, : | |
|     Petitioner, : | |
| : | Crim. No. 3:97CR228 (AHN) |
| v. : | Civ. No. 3:01CV139 (AHN) |
| : | |
| UNITED STATES OF AMERICA, : | |
|     Respondent. : | |

### SUMMARY RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Dwayne Anderson ("Anderson") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his conviction be vacated.

On February 24, 1998, Anderson, an alien and citizen of Jamaica, pleaded guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 3, 1998, the court sentenced him to 18 months imprisonment and 3 years supervised release. On October 8, 1999, Anderson was released into the custody of the INS pending deportation.[1] Anderson filed the instant habeas petition on January 19, 2001, claiming that his plea of guilty was involuntary and that trial counsel had been ineffective because he was not aware that, as a collateral consequence of his plea of guilty, he could be deported.

"[A]n attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not

---

[1] The INS deported Anderson to Jamaica on January 23, 2002.

fall below an objective standard of reasonableness." United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002) (citing United States v. Santelises (Santelises II), 509 F.2d 703, 704 (2d Cir. 1975)).  Here, because Anderson only alleges that "defense counsel did not . . . inform him of the consequences of his deportation," but not that counsel affirmatively misled him regarding those consequences, see Santelises II, 509 F.2d at 704, he is not entitled to relief.  Similarly, Anderson's petition fails to the extent he claims that his plea was involuntary because the court did not inform him that he could be deported by pleading guilty.  See United States v. Guzman, No. 99CIV11316(RMB)(HBP), 2003 WL 165746, at 18 (S.D.N.Y. Jan. 22, 2003)("Certain possible consequences of a guilty plea are 'collateral' rather than direct and need not be explained to the defendant in order to enure that the plea is voluntary.")(quoting United States v. Russell, 686 F.2d 35, 38 (2d Cir. 1982)).

Accordingly, Anderson's habeas petition [dkt. # 301] is denied.  A certificate of appealability shall not issue, petitioner having failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of July, 2005, at Bridgeport, Connecticut.

                                    _____
                                          Alan H. Nevas
                                    United States District Judge